May 6th. The opinion of the court was declared by
Brevard, J.,
after stating the matter set forth in the declaration, and the averments. To this declaration there is a special demurrer for the insufficiency of the declaration ; and the question was referred to the judgment of the District Court. The decision of that court was for the defendant, in support of the demurrer, and the plaintiff has appealed to this court. He has been fully heard by his counsel ; and the arguments, urged in his behalf, have been duly considered. It is a clear rule of law, that in all cases where pleadings are demurred to for matter of form, and for the causes specified in the acts 4 and 5 Ann, a special demurrer is requisite, but not for matter of substance. A general demurrer, in regard to matters of *319 substance,'is always sufficient. In doubtful cases, however, it is recommended as best, to assign the special causes of demurrer; because, on a special demurrer, advantage cannot only be taken of the matters of form specially set forth, but also of any matter of substance not expressly alleged ; but on a general demurrer, no matter of form can be taken advantage of. 1 Sellon, 335. It is also a rule, that if the declaration is founded on a bond, or other specialty, the defendant may demand oyer, and if it shows no cause of action he may demur; for the deed on oyer is part of the declaration. Com. Dig. 484. And where the plaintiff claims, by a deed, in the pleadings, he must make a profert of it ito the court; and the deed itself must be shewn. Bull. 249. In this case, the defendant has not demanded oyer of the bond, and condition. The condition must, therefore, be laid out of view, unless it can be considered as relevant matter, and properly brought into notice by the aver-ments in the declaration. The question is as to the sufficiency of the declaration, both as to form and substance. An action of debt is founded on a contract, either express or implied, in which the certainty of the sum or duty appears ; and the plaintiff is to recover the sum in numero, and not to be repaired in damages, as in actions which sound only in damages. Bull. 107. 2 Bac. Abr. 13, 20. 4 Co. 50. But when the damages can be reduced by averment to a certainty, the action of debt lies, ás on a covenant to pay so much per load. 3 Lev. 420. 2 Salk. 658. 2 Raym. 815.
The plaintiff in this action demands $235, and declares on a specialty containing an obligation to pay $170, with interest, and costs of suit. The declaration is not excepted to, on the ground of a variance between the writ and declaration ; because the plaintiff has gone-on in his declaration to explain what was meant, and intended, by the words “interest and costs,” in the bond, and to aver that such and such facts existed, and that such was the intent of the parties in tfoe contract; and that the sums meant by the words interest and costs, when added to the principal sum expressed in the bond, amount together to the exact sum demanded"by the writ It has been said that, although the general rule is that the acticn of debt must be for a sum certain, yet it will lie for a sum which is not certainly expressed, or not ascertained at the time of the contract, but which is capable of neing ascertained, and made certain at the tiraeof the action brought. Doug. 6. Bl. Rep. 1221. 1 H. Bl. Rep-249. But this doctrine cannot be applied to actions of debt founded on specialty, but to simple contracts only. The specialty which will support an action of debt, must express a sum certain. The quart* *320 turn of the debt should be clearly and certainly fixed by'the instfri-merit on which the debt is founded ; or the instrument should itself* furnish such data as would infallibly lead to a certain ascertainment of the debt. The rule by which the uncertainty apparent, on the face of the instrument, on which the debt is founded, is to be re* dueed to certainty, must be furnished by the instrument itself, and that rule must, itself, be certain ; such a one as will lead to a certain result, and not be liable to vary according to extrinsic circumstances, or depend oil parol evidence, dehors, the specialty. The specialty in the present ease does not furnish such a rule ; and the uncertainty is not cured by the aver-monís, libas been argued, that the facts set forth in the aver* meats must be taken as true, because they are admitted by the demurrer ; and if the facts be admitted, the amount of the debt is admitted, which corresponds with the writ. But this argument is founded on a pelitio principii. The fact is assumed, that the aver-ments are well pleaded, and then the rule is applied, that whatever is well pleaded must be considered as admitted. But it has not been shewn that the averments are well pleaded ; and we are all of opinion they are not so.
Note. In debt, where the sum demanded depends Upon a deed, or other iis-strument, and on nothing extrinsic, as in debt, or covenant, to pay £¿0, the plaintiff cannot recover more than is due, and remit the overplus, for the variance which is made is inconsistent with the deed, or other instrument, upon which the duty demanded depends. In debt, for rent, more may be demanded than is due, and the surplus remitted In such case ihe variance is not inconsistent with the deed; and as the plaintiff is to recover on the trial what appears on evidence to be due, so in demurrer, he is to have judgment for no more than Ae ought to recover. See 1 Saund. 285, 3d ed. by Wms. in the notes. 2 Salk-659. 2 Hay. 814.
The declaration is faulty, and the judgment of the District Court must be affirmed. The plaintiff cannot recover less than he has demanded in this action, as he might do if the action had been founded on simple contract. He may, however, in some other' form of action recover the interests and costs in question, together with the specific sum mentioned’in the obligation.
Motion overruled.